UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #19-CR-10371

_____

UNITED STATES

v.

TREVOR LUCAS

_____

**DEFENDANT'S MOTION TO CLARIFY OR MODIFY CONDITIONS OF
SUPERVISED RELEASE RE DRUG TESTING**

Trevor Lucas, defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3563(a)(5), 18 U.S.C. §3583(d), and F.R.Crim.P. 32.1(c), to clarify that he is not required to undergo periodic testing as a condition of supervised released. In the alternative, the defendant moves to waive or suspend any such condition. As grounds therefore, defendant avers as follows:

1. The defendant, Trevor Lucas, was sentenced in the United States District Court for the Western District of Wisconsin on February 24, 2011 on his conviction for use of a firearm in relation to a crime of violence (attempted kidnaping) in violation of 18 U.S.C. §924(c). His original sentence was 210 months imprisonment to be followed by a 5-year term of supervised release. The mandatory condition of periodic drug testing set forth in 18 U.S.C. §3583(d) was not waived in the initial Judgment. *See Exhibit 1*, attached hereto.

2.       The Court which sentenced Mr. Lucas entered an Amended Judgment on December 22, 2017. The Amended Judgment reduced Mr. Lucas' sentence of imprisonment to 138 months. In the section of the Amended Judgment respecting supervised release, the Court did not include a drug testing requirement under "Statutory Mandatory Conditions," "Standard Conditions of Supervision," or "Special Conditions of Release." *See Exhibit 2*, attached hereto, at pp. 3-5. However, the Amended Judgment also stated under the heading "Supervised Release": "In all other respects, the judgment remains as entered on February 23, 2011." *Id*. at 3. Mr. Lucas submits that it is ambiguous whether or not periodic drug testing was imposed as a condition of supervised release in the Amended Judgment. He thus seeks clarification from the Court.

3.       In any event, 18 U.S.C. §3583(d) states that the drug testing condition of supervised release "may be ameliorated or suspended by the court" as provided for in the probation statute. That statute, 18 U.S.C. §3863(a)(5) states that the drug testing condition "may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant".

4.       The presentence report (revised) filed prior to the resentencing of Mr. Lucas does not indicate any use of controlled substances by Mr. Lucas. *See* Revised Presentence Report, ¶¶88-89. Thus, in the words of the statute, the presentence report "indicates a low risk of future substance abuse by the defendant." Moreover, Mr. Lucas' supervising Probation Officer has indicated to undersigned counsel that he has no reason to believe that Mr. Lucas is using illegal drugs.

5. Mr. Lucas commenced his term of supervised release on or about July 19, 2019. Supervision was transferred to this District on or about October 1, 2019.

6. Under the circumstances, there is no good reason for Mr. Lucas to be subjected to periodic drug testing It is not at all clear that the sentencing court intended drug testing to be a condition of supervised release when it resentenced Mr. Lucas in 2017. In any event, it is appropriate that such condition be waived or suspended at this juncture since Mr. Lucas does not have and has never had a substance abuse problem of any kind.[1]

Respectfully submitted,

**TREVOR LUCAS**

By his attorney,

/s/ James L. Sultan
James L. Sultan, BBO #488400
Rankin & Sultan
151 Merrimac Street, 2nd Floor
Boston, MA 02114
(617) 720-0011

---

[1] It is anticipated that the Probation Office will file a written memorandum setting forth its position on this motion. The motion has also been served on the government.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 14, 2020.

                                                    /s/ James L. Sultan