

# Memorandum

**To:**        Honorable Denise J. Casper, U.S. District Judge

**From:**   Christopher Foster, Senior United States Probation Officer

**Date:**    January 15, 2020

**Re:**        Trevor Lucas, Docket # 19CR10371

---

The purpose of this memorandum is to respond to a motion filed by defense counsel on January 14, 2020 that requests a modification in the above-captioned case to remove the drug testing condition. Mr. Lucas was sentenced by the Honorable William Conley, U.S. District Judge, for the Western District of Wisconsin on February 23, 2011, after pleading guilty to an Indictment which charged the Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (attempted kidnapping); a violation of 18 U.S.C. § 1201(a) and (d)]. Mr. Lucas was sentenced to 210 months custody to be followed by 5 years of supervised.

At the time of the original judgement in this, the Court ordered the following as a condition of supervised release:

**Although the instant offense is not drug related, mandatory drug testing as set forth in 18 U.S.C. § 3583(d) is not waived. The defendant shall submit to one drug test within 15 days of release from custody and at least 10 periodic tests thereafter.**

On December 22, 2017, The Honorable William Conley U.S. District Judge, for the Western District of Wisconsin amended his Judgement to order a sentence of 138 months custody to be followed by the originally imposed term of supervised release. In relation to mandatory conditions of supervision, the Court did not specify a substance abuse condition; however, did order the following:

**In all other respects, the judgment remains as entered on February 23, 2011.**

Based on this information, the Probation Office interprets the judgment to include drug testing and recommends that this condition remain in effect.

In the motion filed by defense counsel, they correctly state that this writer does not have any reason to believe Mr. Lucas is currently using drugs. However, the probation office believes that drug testing is necessary given the nature and circumstances of the underlying offense, and associational concerns with his supervision that surfaced immediately following his release from custody. As the Court may not be aware, the probation office learned shortly after his release that Mr. Lucas had been in contact with, and was sending money to, individuals in the Bureau of Prisons' custody while on federal supervision.

1

While it is important to highlight that this was not found to be a violation of his conditions, it raised concerns related to his decision making while in the community. As such, Mr. Lucas agreed to a modification which would allow for 30 days in an Residential Re-entry Center to afford him more structure. He further agreed to refrain from associating with known felons.

While Mr. Lucas has resumed compliance with the terms of his supervision, he remains a high-risk case and is supervised accordingly. It is the position of the probation office that periodic drug testing does not present any undue harm to Mr. Lucas and is in the best interest of public safety.

If Your Honor concurs with this recommended course of action, please indicate so by endorsing below. As always, if Your Honor has any further questions, please feel free to contact me at 617-748-4203 or by email at Christopher_foster@map.uscourts.gov.

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed and Approved by:

*/s/ Jeffrey R. Smith*
Jeffrey R. Smith
Supervising U.S. Probation Officer

_____

[  ] I concur, Drug Testing conditions are in place

[  ] I do not concur, Drug Testing conditions are not in place

[  ] Other

_____
The Honorable Denise J. Casper
U. S. District Judge

Date:_____