UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TREVOR LUCAS | Case No. 19-CR-10371-DJC |

## STIPULATED EARLY DISCOVERY PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d), the government submits, and the defendant does not contest, that good cause exists for the following Protective Order to govern early discovery in this case. Nothing in this Order shall limit the ability of the parties to seek modifications of this Protective Order in the future.

1. The government may designate as "Sensitive – Attorneys' Eyes Only" certain materials it produces in discovery, whether pursuant to the Federal Rules, the Local Rules, or on a voluntary basis.

2. To designate a document as Sensitive – Attorneys' Eyes Only, the government will label the document or, in the case of audio/video recordings, the filename and/or the storage media upon which it is stored, "Sensitive – Attorneys' Eyes Only." Materials so designated are hereafter referred to as "Sensitive Materials."

3. The term "Defense Team" shall include attorneys of record; attorneys and support staff at the same office as the attorneys of record; and investigators, experts, and other individuals retained to participate in the defense of a named defendant by attorneys of record. The Defense Team excludes the defendant and any family member of the defendant. The Defense Team is limited to attorneys and agents representing the defendant in this case and does not extend to

attorneys or agents representing the defendant in any other case or in any other federal, state, or local court.

4. If an attorney of record wishes to share Sensitive Materials with other members of the Defense Team, the attorney of record shall first provide a copy of this Protective Order to the member of the Defense Team with whom Sensitive Materials are intended to be shared.

5. Except as set forth in paragraphs 6 and 7 below, Sensitive Materials shall be accessed, reviewed, and/or copied only by members of the Defense Team.

6. The Defense Team shall maintain Sensitive Materials in accordance with this Agreement, and Sensitive Materials shall be used by the Defense Team solely and exclusively in connection with the litigation and trial of this case and any related appeal.

7. The Defense Team shall not provide or distribute any copies of any Sensitive Materials in unredacted form to the defendant. The defendant is permitted to review Sensitive Materials only when they are produced to the Defense Team outside the parameters of this Protective Order, when they are not marked "Sensitive – Attorneys' Eyes Only", and in accordance with any other protective orders entered into between the parties. In no circumstances shall any member of the Defense Team leave any Sensitive Materials alone with the defendant, even for a limited period, absent Order of this Court.

8. The government shall have the option of watermarking Sensitive Materials that are produced to the Defense Team. The government shall make reasonable efforts to ensure that the watermarking does not interfere with the use of Sensitive Materials by the Defense Team.

9. Any Sensitive Materials that are filed with the Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. The parties shall comply in all respects

with the relevant Federal Rules of Criminal Procedure and Local Rules pertaining to the sealing of court documents.

10. Violation of this Protective Order shall be subject to sanction. Absent further Order of the Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of the case.

SO STIPULATED:

| TREVOR LUCAS<br>Defendant | ANDREW E. LELLING<br>United States Attorney |
|---|---|
| By: _____<br>James Sultan<br>Attorney for Defendant | By: _____<br>Adam W. Deitch<br>Assistant U.S. Attorney |

Dated: August 4, 2020

IT IS SO ORDERED.

_____
Hon. Marianne B. Bowler
United States Magistrate Judge

Dated: _____

3